Maria S. Masigla, P.T., as Assignee of
Senat, Benita, Appellant, 
against
Omni Indemnity Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine
A. Levine, J.), entered January 5, 2017. The order granted defendant's motion for summary
judgment dismissing the complaint and implicitly denied plaintiff's cross motion for summary
judgment.




ORDERED that the order is affirmed, with $25 costs; and it is further,
ORDERED that, on the court's own motion, counsel for the respective parties are directed to
show cause why an order should or should not be made and entered imposing such sanctions and
costs, if any, against plaintiff's counsel pursuant to Rules of the Chief Administrator of the
Courts (22 NYCRR) § 130-1.1 (c) as this court may deem appropriate, by each filing an
affidavit or affirmation on that issue in the office of the clerk of this court and serving one copy
of same on each other on or before January 31, 2019; and it is further,
ORDERED that the clerk of this court, or his designee, is directed to serve a copy of this
decision and order to show cause by regular mail upon counsel for the respective parties.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff [*2]appeals from an order of the Civil Court which granted defendant's
motion for summary judgment dismissing the complaint on the ground that defendant had not
issued an insurance policy covering the vehicle which was involved in the accident in question
and that, therefore, plaintiff had sued the wrong party. The order also implicitly denied plaintiff's
cross motion for summary judgment.
In support of its motion, defendant submitted affidavits by its litigation manager and by a
manager of American Independent Insurance Company (AIIC), which affidavits sufficiently
established defendant's lack of coverage defense (see Great Health Care Chiropractic, P.C. v Omni Indem. Co., 40 Misc
3d 139[A], 2013 NY SlipOp 51450[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2013]; Astoria Quality Med. Supply v
State Farm Mut. Auto. Ins. Co., 31 Misc 3d 138[A], 2011 NY Slip Op 50743[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Notably, the AIIC manager attested that
her company had issued the policy covering the accident in question. Plaintiff failed to raise an
issue of fact in response. As defendant demonstrated that plaintiff had sued the wrong insurance
carrier, defendant was entitled to summary judgment dismissing the complaint (see Tam Med. Supply Corp. v Omni Indem.
Co., 48 Misc 3d 142[A], 2015 NY Slip Op 51294[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]; Vincent
Med. Servs., P.C. v Omni Indem. Co., 42 Misc 3d 142[A], 2014 NY Slip Op 50224[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
We conclude that sanctions may be warranted for the conduct of counsel for plaintiff, as that
conduct appears to be frivolous (see
Flushing Expo, Inc. v New World Mall, LLC, 116 AD3d 826 [2014]; Ram v Torto, 111 AD3d 814
[2013]). As relevant here, frivolous conduct includes the assertion of arguments that are
"completely without merit in law and [which] cannot be supported by a reasonable argument for
an extension, modification or reversal of existing law" (Rules of Chief Admin of Cts [22
NYCRR] § 130-1.1 [c] [1]). Since 2013, plaintiff and/or other providers represented by
plaintiff's counsel have been before this court more than 20 times in similar actions wherein these
providers, while represented by plaintiff's counsel, have made the same or essentially the same
arguments which plaintiff raises in the instant appeal (see e.g. Masigla v Omni Indem. Co., 58 Misc 3d 131[A], 2017 NY
Slip Op 51767[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Maiga Prods. Corp. v Omni Indem.
Co., 58 Misc 3d 129[A], 2017 NY Slip Op 51731[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2017]; Island Life
Chiropractic, P.C. v Omni Indem. Co., 57 Misc 3d 134[A], 2017 NY Slip Op 51255[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Compas Med., P.C. v Omni Indem. Co., 51 Misc 3d 134[A], 2016
NY Slip Op 50528[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Arguelles M.D., P.C. v Omni Indem.
Co., 51 Misc 3d 133[A], 2016 NY Slip Op 50524[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2016]; Tam Med.
Supply Corp. v Omni Indem. Co., 48 Misc 3d 142[A], 2015 NY Slip Op 51294[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Great Health Care Chiropractic, P.C. v Omni Indem. Co., 40 Misc 3d
139[A], 2013 NY Slip Op 51450[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2013]). Although defendant has prevailed in each appeal, plaintiff's counsel continues to advance
essentially the same arguments notwithstanding the fact that defendant's appellate brief expressly
notes that this court has previously considered and rejected the arguments put forth by [*3]plaintiff's counsel and cites every such prior appeal. As plaintiff's
counsel has persisted and raised the same arguments in the instant appeal, we direct counsel for
the respective parties to show cause why sanctions should or should not be imposed against
plaintiff's counsel (see Flushing Expo, Inc., 116 AD3d 826; Ram v Torto, 111 AD3d 814).
In light of the foregoing, the order is affirmed, and, on the court's own motion, counsel for
the respective parties are directed to show cause why an order should or should not be made and
entered imposing such sanctions and costs, if any, against plaintiff's counsel pursuant to Rules of
the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (c) as this court may deem
appropriate, by each filing an affidavit or affirmation on that issue in the office of the clerk of
this court and serving one copy of same on each other on or before January 31, 2019.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 21, 2018